IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ENOS AND PAULA ENOS,<br>Plaintiffs,<br>v.<br>U.S. BANK, N.A.,<br>Defendant. | Case No. 18-cv-06101-MMC<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 16 |

Before the Court is the Motion for Judgment on the Pleadings, filed December 7, 2018, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, by defendant U.S. Bank, N.A, as Trustee for the GSR Mortgage Loan Trust 2006-1F, Mortgage Pass-Through Certificates, Series 2006-1F ("U.S. Bank"). Plaintiffs Michael Enos and Paula Enos have filed opposition, to which U.S. Bank has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

## BACKGROUND[2]

On October 24, 2005, plaintiffs "executed an interest-only fixed rate promissory note [("the Note")] and recorded a deed of trust [("Deed of Trust")] secured against their property located at 1059 Via Roble, Lafayette, California 954549 ("Subject Property")." (See Compl. ¶ 9.) The Deed of Trust "listed Countrywide Homeloans, Inc., predecessor in interest to Bank of America, N.A. . . . as the original lender, [and] Mortgage Electronic

---

[1] By order filed February 22, 2019, the Court took the motion under submission.

[2] Unless otherwise specified, the following facts are taken from the Complaint.

United States District Court
Northern District of California

1 Registration Services ("MERS") as named Beneficiary and Nominee[.]"  (See id.)

2 On May 22, 2012, "MERS recorded an [A]ssignment of [D]eed of [T]rust in favor of U.S. Bank, as Trustee."  (See id. ¶¶ 10, 13.)  Sometime thereafter, plaintiffs defaulted on the Note and, on August 28, 2018, a non-judicial foreclosure sale was held (see Req. for Judicial Notice ("RJN"), Ex. D at 2),[3] at which sale U.S. Bank, by credit bid, "became the purchaser of [the Subject Property]."  (See id.)  Subsequently, on September 4, 2018, a Trustee's Deed Upon Sale ("Deed Upon Sale") was executed in favor of U.S. Bank, and, on September 6, 2018, the Deed Upon Sale was recorded.  (See id. at 1.)

Based on the above, plaintiffs filed their Complaint, by which pleading they assert a single Cause of Action.  In particular, plaintiffs allege the Deed Upon Sale is subject to cancellation pursuant to section 3412 of the California Civil Code because U.S. Bank "was not qualified nor entitled to make a 'credit bid' under Civil Code § 2924h(b)."  (See Compl. ¶ 2.)[4]

By the instant motion, U.S. Bank seeks dismissal of the Complaint in its entirety.

**LEGAL STANDARD**

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  See Fed. R. Civ. P. 12(c).  "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of the filing."  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Consequently, as the motions are "functionally identical," see id., federal courts, in considering motions made under Rule 12(c), apply the same analysis as that applicable to motions made under Rule 12(b).  See, e.g., id.

---

[3] U.S. Bank's unopposed request for judicial notice of documents that have been referenced in the Complaint is hereby GRANTED.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994) (acknowledging general rule that courts, in deciding Rule 12(b)(6) motion, may not consider material beyond complaint; noting exception for documents whose contents are alleged in complaint and whose authenticity no party questions).

[4] In their Complaint, plaintiffs do not challenge "the right of any particular entity to initiate the foreclosure, or . . . hold the Trustee's [s]ale," only whether "U.S. Bank, as Trustee had the right to make a 'credit bid' at the Trustee's [s]ale."  (See id. ¶ 14.)

2

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

As noted above, the sole Cause of Action asserted in the Complaint is a claim for cancellation of instrument, brought under section 3412 of the California Civil Code.

Section 3412 provides: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable may, upon his application, be so adjudged, and ordered to be delivered up or canceled." See Cal. Civ. Code § 3412. "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury

3

including pecuniary loss or the prejudicial alteration of one's position." U.S. Bank Nat'l Ass'n v. Naifeh, 1 Cal. App. 5th 767, 778 (2016).

Here, U.S. Bank contends the Complaint is subject to dismissal because the allegations therein "fail[] to establish grounds for a cancellation of instruments claim." (See Reply at 2:1-2.) As set forth below, the Court agrees.

Plaintiffs' theory that the Deed Upon Sale is "void or voidable . . . and must be canceled" (see Compl. ¶ 2) is premised on its allegation that MERS was not able to assign the Note, or any interest therein, to U.S. Bank. (See Compl. ¶¶ 10, 12-14.) In particular, plaintiffs allege that, although MERS "purported to assign the N[ote]" when it assigned the Deed of Trust to U.S. Bank (see id. ¶ 13), the Note "had never been owned nor possessed by MERS" (see id. ¶ 10) and thus MERS "did not have any interest in the N[ote] and could not have assigned the N[ote] or any interest therein to Defendant U.S. Bank, as Trustee" (see id.). As a result, according to plaintiffs, U.S. Bank "did not have possession of the N[ote] on the date of the Trustee's [s]ale" (see id. ¶ 14), "was not the 'present beneficiary' of the Deed of Trust on [that] date" (see id. at ¶ 2), and, consequently, "did not have the capability of making a credit bid under Civil Code § 2924h(b)" (see id. ¶¶ 2, 14); see also Cal. Civ. Code § 2924h(b) (providing "present beneficiary of deed of trust under foreclosure shall have the right to offset [its] bid[] . . . to the extent of the total amount due the beneficiary"); Biancalana v. TD Serv. Co., 56 Cal. 4th 807, 816 (2013) (characterizing beneficiary's right under § 2924h(b) as "credit bid"). As set forth below, plaintiffs' allegations do not support a finding that MERS was incapable of assigning the Note to U.S. Bank.[5]

First, to the extent plaintiffs allege MERS never had "any interest in the N[ote]" (see Compl. ¶ 10), California authority is to the contrary. In particular, California appellate courts have consistently held that where, as here (see RJN, Ex. B at 3-4), a deed of trust "state[s] that, as a nominee for the lender and the lender's successors and

---

[5] Although not a factor in the following analysis, the Court notes that all of the above allegations as to lack of ownership and possession are wholly lacking in factual support.

4

1 assigns, MERS ha[s] the right to exercise all interests of the beneficiary," MERS "ha[s]
2 authority to . . . foreclose" and can "assign both the [deed of trust] and note." See
3 Herrera v. Fed. Nat'l Mortgage Ass'n, 205 Cal. App. 4th 1495, 1504-05 (2012).

Next, to the extent plaintiffs allege MERS did not "assign[] the Note" (see Compl. ¶ 10), California authority is, again, to the contrary. In particular, because plaintiffs, as noted above, allege MERS assigned the Deed of Trust to U.S. Bank (see id.), plaintiffs have established MERS also assigned the Note, with all interests therein, to U.S. Bank. See Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 928 (2016) (holding, as matter of law, "deed of trust . . . is inseparable from the note it secures, and follows it even without separate assignment).

Lastly, to the extent plaintiffs may be alleging U.S. Bank was required to be in physical possession of the Note in order to make a credit bid, any such allegation likewise is unavailing, as no statute governing nonjudicial foreclosure so provides. See Christopher v. First Franklin Fin. Corp., 2010 WL 1780077, at *2 (S.D. Cal. Apr. 30, 2010) (dismissing claims to set aside non-judicial foreclosure sale and cancel trustee's deed upon sale, where claims predicated on alleged failure to possess promissory note); see also Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994) (holding "[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive"; declining to "incorporate" provision not set forth in statutory framework's "myriad" rules).

In short, plaintiffs' allegations do not demonstrate the Deed Upon Sale is "void or voidable." See Cal. Civ. Code § 3412.

Accordingly, plaintiffs, having failed to plead a "cognizable legal theory" in support of their claim for cancellation of the Deed Upon Sale, the Complaint is subject to dismissal. See Balistreri, 901 F.2d at 699. Further, given the grounds for dismissal, the Court finds the Complaint "could not possibly be cured by the allegation of other facts." See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

## CONCLUSION

For the reasons discussed above, U.S. Bank's motion is hereby GRANTED and the Complaint is hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: March 28, 2019

MAXINE M. CHESNEY
United States District Judge